# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-01739V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| SABAHA SABI ZAGWOLSKY, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: October 6, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Alison Haskins*, Siri & Glimstad LLP, New York, NY, for Petitioner.

*Irene Angelica Firippis*, U.S. Department of Justice, Washington, DC, for Respondent.

### AMENDED DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 24, 2024, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition, dated Oct. 24, 2024 (ECF No. 1) at 1. Petitioner alleged that she suffered cardiac arrest as a result of her receipt of an influenza vaccine on November 11, 2022. *Id.* On October 28, 2024, petitioner filed eighteen exhibits consisting of petitioner's affidavit and medical records. ECF No. 6. On December 11, 2024, Petitioner filed a pre-assignment review questionnaire and statement of completion. ECF Nos. 8, 9.

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has filed a motion for an interim award of attorney's fees and costs. Motion, dated January 4, 2025 (ECF No. 10) ("Interim Fees Mot."). It is her first fees request in this case, and is occasioned by the withdrawal of her prior counsel, Andrew Downing, Esq. Petitioner requests a total of **$16,418.94,** reflecting $15,798.50 in fees, and $620.44 in costs. Interim Fees Mot. at 26.

Respondent reacted to the fees request on January 6, 2025. *See* Response, dated Jan. 21, 2025 (ECF No. 12) ("Resp."). Respondent challenges whether the circumstances of counsel's withdrawing are appropriate to award interim fees, and asks that they be deferred, on the grounds of reasonable basis. *Id.* at 6. Respondent acknowledges, however, that it is left to my discretion as to whether Petitioner has met the legal and statutory requirements for an interim fees and costs award, as well as the calculation of the amount to be awarded.

I previously entered a Decision granting Petitioner's Motion, and instructed payment to be paid through an ACH deposit to "Petitioner's counsel's IOLTA account" for prompt disbursement. Decision, dated Aug. 27, 2025 (ECF No. 26) ("Decision") at 5. Judgement awarding payment was subsequently entered. Judgment, dated Aug. 29, 2025 (ECF No. 28). The Decision and Judgment issued after prior counsel had already withdrawn from the case, and Ms. Alison Haskins was substituted as Petitioner's counsel. See Consented Motion to Substitute Attorney, dated Jan. 16, 2025 (ECF No. 11). But the parties subsequently filed a Joint Motion to Correct the Decision, so that payment could be directed to prior counsel only. Joint Motion to Correct, filed Sep. 18, 2025 (ECF No. 29). I granted the Motion and ordered the Clerk's Office to withdraw and vacate the decision and judgment. *See* ECF No. 30; ECF No. 31.

The requested adjustments have been made to this Decision, and I hereby grant Petitioner's motion, awarding fees and costs in the total amount of **$16,418.94** for the reasons set forth below.

## ANALYSIS

### I. Petitioner's Claim has Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not automatically entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if

unreasonable, or even denied entirely. The act of an attorney's withdrawal from a case is often deemed an appropriate circumstance for paying fees – although because the case is still pending, a claimant must make the good faith/reasonable basis showing relevant to unsuccessful claims.

A claim's reasonable basis is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). Simmons, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

Also, relevant herein are the standards governing interim awards—meaning fees awards issued while a case is still pending. *See generally Auch v. Sec'y of Health & Hum. Servs.*, No. 12-673V, 2016 WL 3944701, at *6–9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *5–9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before fees or costs may be awarded. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Interim award requests are subject to the same reasonable basis inquiry applied to unsuccessful but completed matters, since in the context of an interim request the claim literally is not yet been found to be "successful."

3

There is no presumption of entitlement to interim awards, but special masters may in their discretion permit such awards, and often do so. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards governing fees. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. However, there must be some showing that a petitioner's circumstances render an interim award just. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) whether the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; and/or 3) whether the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a sufficient showing of reasonable basis to justify an interim award. While the ultimate resolution of causation remains to be determined, Petitioner has put forward more than enough objective support for the claim. The theory presented is not one often seen in the Program, and it cannot be determined at this point that the claim lacks reasonable basis. In addition, I find an interim award is appropriate in this case—almost wholly in light of counsel's withdrawal. It remains unclear at the present whether the underlying claim will ultimately succeed, but I find no circumstances exist that make an interim award inappropriate in this matter.

## II.     Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera*, 515 F.3d at 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

|  | **2024** | **2025** |
|---|---|---|
| **Andrew Downing (Attorney)** | $485 | $485 |
| **Ann Allison (Attorney)** | $435 | n/a |
| **Alex Malvick (Paralegal)** | $175 | $175 |
| **Samantha Perez (Paralegal)** | $175 | $175 |

Interim Fees Mot. at 25 and 26.

Mr. Downing and Ms. Allison practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum," and thus entitling them to commensurate rates established in *McCulloch*. *See Rich v. Sec'y of Health & Hum. Servs.*, No. 12-742V, 2017 WL 1435879 (Fed. Cl. Spec. Mstr. Mar. 28, 2017). The hourly rates requested for the attorneys and their associated paralegals for time billed in 2024 and 2025 are reasonable and consistent with our prior determinations and will therefore be adopted herein. *Cracraft v. Sec'y of Health & Hum. Servs.*, No. 20-0562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024). And the amount of work performed on the matter through counsel's withdrawal was reasonable.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault*, 52 Fed. Cl. at 670; *Perreira*, 27 Fed. Cl. at 34. Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester,* 2013 WL 5367670, at *16. When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $620.44 in outstanding costs, including medical record retrieval costs, mailing costs, and filing fees. Ex. A (ECF No. 10-1) at 9–39. Petitioner has provided supporting documentation for all claimed costs. *See id.* The costs requested herein are typical in Program cases and were reasonably incurred in this matter, and Respondent offered no specific objection to the rates or amounts sought. Therefore, I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of an interim fees award, I **GRANT** Petitioner's Motion for an Interim Award of Attorney's Fees and Costs. **Petitioner is awarded interim attorneys' fees and costs in the total amount of $16,418.94 (reflecting $15,798.50 in fees, and $620.44 in costs), to be paid through an ACH deposit to Petitioner's former counsel's (Mr. Andrew D. Downing) IOLTA account for prompt disbursement.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.